RECEIVED CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2008 FEB 22 P 12: 13

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | | |
|---|---|---|
| Robert Smalls, | ) | C/A No. 9:08-458-RBH-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| R. Scott Woods, President CEO, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Robert Smalls (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names R. Scott Woods, President/CEO of the South Carolina Federal Credit Union, as the sole Defendant. Plaintiff claims the Defendant has violated his equal protection rights and further claims the Defendant acted in a negligent manner by closing Plaintiff's Credit Union account and membership. Plaintiff seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.



## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).



This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the

2

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff states that he opened a direct deposit savings account with the South Carolina Federal Credit Union (Credit Union). Plaintiff allegedly paid a fee to keep the account active and also paid a membership fee to the Credit Union. Plaintiff states the Defendant closed Plaintiff's savings account and terminated Plaintiff's membership from the Credit Union on September 27-28, 2005. Plaintiff indicates that, by closing Plaintiff's account, Defendant forced Plaintiff "to deposit his December 09, 2005 automobile accident settlement in third party E.H. Cooper Trust Fund bank." Plaintiff states the Defendant's actions have deprived him of constitutional equal protection and further states that the Defendant acted with "concurrent negligence/imputed negligence." Plaintiff seeks twenty-five (25) million dollars in damages.

## Discussion



In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P.

3

12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

A Plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the Complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*



The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. As discussed below, the allegations contained in the Plaintiff's complaint do not fall within the scope of either form of this Court's limited jurisdiction.

First, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.

4

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). The Defendant in the instant case is a private citizen employed by a Federal Credit Union. As such, the Defendant is not amenable to suit under § 1983. *See Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1132 (9th Cir. 1994) ("the slight degree of government involvement in the business of federal credit unions does not warrant applying Constitutional requirements to these democratically controlled, non profit cooperatives" (citing *Heiskala v. Johnson Space Ctr. Fed. Credit Union*, 474 F. Supp. 448, 453 (S.D. Tex. 1979))); *Smith v. Delaware First Federal Credit Union*, 395 F. Supp. 2d 127, 130 (D. Del. 2005)(collecting cases where courts have found that credit unions are not state actors.) In addition, there are no allegations in Plaintiff's complaint which attribute any of the Defendant's behavior to state action. Thus, the complaint does not state a claim cognizable under § 1983 or this Court's "federal question" jurisdiction.

Second, there is clearly no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires *__complete__* diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The Court has no diversity jurisdiction over this case because, according to the Plaintiff's information, he and the Defendant are both residents of South Carolina. In absence of diversity of citizenship,

5

the amount in controversy is irrelevant.    As Plaintiff has not presented this Court with a basis for subject matter jurisdiction, his complaint should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.  Plaintiff's attention is directed to the important notice on the next page.

George C. Kosko
United States Magistrate Judge

February 21, 2008
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).